GLD-037                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3384
_____

JAMES A. PALUCH, JR.,
                                        Appellant

v.

SYLVIA H. RAMBO, United States District Judge
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 11-cv-00739)
District Judge:  Mitchell S. Goldberg
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 10, 2011

Before:  FUENTES, GREENAWAY, JR. and STAPLETON, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 29, 2011)

_____

OPINION
_____

PER CURIAM

    Pennsylvania inmate James Paluch, Jr., appeals from judicial orders that denied his

motion to remand proceedings to state court and dismissed his suit against a federal judge

on the ground of absolute judicial immunity. We will summarily affirm.

I.

On October 14, 2010, the Office of the Prothonotary for the Dauphin County Court of Common Pleas received Paluch's complaint. Named as the defendant therein was the Honorable Sylvia H. Rambo, a judge of the United States District Court for the Middle District of Pennsylvania. The allegations in the complaint in general constituted disagreements with rulings made by Judge Rambo during the time she presided over two of Paluch's civil rights suits. In addition, the complaint alleged "an ongoing 'conspiracy' . . . to contain [Paluch] at SCI-Smithfield, control his incoming mail and outgoing mail (including legal), to tamper and prevent him access to his legal properties . . . etc." Paluch characterized his lawsuit as "a tort action authorized by the Federal Privacy Act of 1974 and the applicable Privacy Acts of the Commonwealth of Pennsylvania for which relief can be granted as well as by 42 U.S.C. Section 1983."

According to the state court docket, Judge Rambo was served with a summons and a copy of Paluch's complaint on November 9, 2010. By letter dated February 10, 2011, Judge Rambo informed the Court of Common Pleas that the complaint and summons had been "delivered to [Darlene Cramer,] one of the deputy clerks of court," and not "upon me or upon an individual authorized to accept service on my behalf." Nevertheless, on April 18, 2011, the Court of Common Pleas entered a default judgment against Judge Rambo "for failure to answer Plaintiff's Complaint and Summons." Upon learning of the default judgment, Judge Rambo filed a notice of removal and a "motion for enlargement

2

of time" in which to file that notice.

Pursuant to 28 U.S.C. § 292(b), the Chief Judge of this Court designated the Honorable Mitchell S. Goldberg ("the District Court") to preside over the instant suit. The District Court granted Judge Rambo's "motion for enlargement of time," and it granted her motion to set aside the default judgment obtained by Paluch in state court. The District Court denied Paluch's motions for an evidentiary hearing and to remand proceedings to state court.

On August 23, 2011, the District Court granted Judge Rambo's motion to dismiss Paluch's complaint for failure state a claim, see Fed. R. Civ. P. 12(b)(6), concluding that Judge Rambo was absolutely immune from suit. The District Court reasoned that Paluch's allegations "are simply insufficient to demonstrate that [Judge Rambo] acted in the absence of jurisdiction or otherwise exceeded the scope of her authority." Paluch appealed.

## II.

We exercise appellate jurisdiction under 28 U.S.C. § 1291. We review de novo the District Court's denial of Paluch's timely filed[1] motion to remand proceedings to state court. See Ario v. Underwriting Members of Syndicate 53 at Lloyds for 1998 Year of Account, 618 F.3d 277, 287 (3d Cir. 2010).

---

[1] "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1446(c). Judge Rambo's notice of removal was filed on April 18, 2011. Paluch filed his motion to remand eight days later.

3

"Section 1446 establishes the procedure for removal," and it provides that "the notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Ariel Land Owners, Inc. v. Dring, 351 F.3d 611, 614 (3d Cir. 2003) (quoting 28 U.S.C. § 1446(b)). Here, Paluch arguably raised in his remand motion a meritorious objection to removal, based on a violation of the thirty-day time limitation mandated by § 1446(b). Nevertheless, we need not now remand the case.[2]

_____

[2] Although we do not have the benefit of any factfinding, Judge Rambo's notice of removal—filed five months after delivery of Paluch's complaint to a court officer—may well have been untimely. See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999) (section 1446(b) is triggered by proper service). At least on the record before us, a fair case can be made that service was proper.

In Pennsylvania, "[o]riginal process may be served by handing a copy to the defendant; or by handing a copy . . . at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof." Pa. R. Civ. P. Rule 402(a)(1) - (a)(2)(iii). The federal courthouse in Harrisburg is Judge Rambo's "office or usual place of business." As for whether Darlene Cramer was a "person . . . in charge," such that her acceptance of service can be attributable to Judge Rambo, we note the following text from the sheriff's affidavit:

> And now: NOVEMBER 9, 2010 at 2:40:00 PM served the within COMPLAINT upon SYLVIA H. RAMBO by personally handing to DARLENE CRAMER 1 true attested copy of the original COMPLAINT and making known to him/her the contents thereof at FEDERAL BUILDING 228 WALNUT ST HBG PA 17101
>
> ORDERS & RULE TO SHOW CAUSE
> DEPUTY CLERK AND PERSON IN CHARGE AT TIME OF SERVICE

4

Critically, "§ 1446(b)'s thirty-day time limit for removal is a procedural provision, not a jurisdictional one." Farina v. Nokia, Inc., 625 F.3d 97, 115 (3d Cir. 2010). Because the District Court properly exercised federal-question jurisdiction under 28 U.S.C. § 1331 throughout the proceedings below, any violation of § 1446(b) would be considered a procedural defect only. See Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998), superseded by statute on other grounds; Huffman v. Saul Holdings Ltd. P'ship, 194 F.3d 1072, 1076-77 (10th Cir. 1999); see also Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 574 (2004). Such procedural defects give way to concerns of judicial economy where the District Court's ultimate exercise of subject matter jurisdiction is proper and its resolution of the merits is correct. See Caterpillar, Inc. v. Lewis, 519 U.S. 61, 74 (1996) (rejecting party's argument that "an 'all's well that ends well' approach" is inappropriate in removal cases). This can be true even where the party opposing removal objects in a

A strong inference can be made from the affidavit that Darlene Cramer held herself out as the "person . . . in charge" under Rule 402. See Grand Entm't Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 485 (3d Cir. 1993) ("the 'person for the time being charge' of any office or usual place of business of the defendants for purposes of [Rule 402] must either be an individual with some direct connection to the party to be served or one whom the process server determines to be authorized, on the basis of her representation of authority, as evidenced by the affidavit of service").

Acknowledging the possibility that service was proper, Judge Rambo argued before the District Court that,"[e]ven if removal were triggered previously, 28 U.S.C. § 1441(d) expressly allows for enlargement of the time limitations of § 1446(b)." As noted above, the District Court granted Judge Rambo's motion for an enlargement of time under 28 U.S.C. § 1441(d). This was erroneous. By its terms, § 1441(d) applies only when the defendant is "a foreign state as defined in section 1603(a) of this title." See USX Corp. v. Adriatic Ins. Co., 345 F.3d 190, 197 (3d Cir. 2003). The error is harmless for the reasons given in this opinion.

timely manner and the federal court incorrectly proceeds in spite of that objection. See Caterpillar, Inc., 519 U.S. at 74-76; Huffman, 194 F.3d at 1079. We thus turn to the District Court's resolution of Paluch's complaint, which we determine to be correct.

III.[3]

"The doctrine of judicial immunity is founded upon the premise that a judge, in performing his or her judicial duties, should be free to act upon his or her convictions without threat of suit for damages." Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000).[4] Judge Rambo raised judicial immunity as an absolute defense to Paluch's suit. The District Court determined that the defense was applicable. In assessing whether that determination was correct, "[w]e must engage in a two-part inquiry": (1) we first ask whether the complained-of actions were "taken in the judge's judicial capacity"; and (2) we next ask whether the actions, "though judicial in nature," were "taken in the complete absence of all jurisdiction." Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760, 768 (3d Cir. 2000) (citations omitted). If the answers are "yes" and "no," respectively, then it follows that the judge is absolutely immune from suit.

Paluch's principal allegation was that Judge Rambo improperly entertained "a

---

[3] We review de novo the District Court's order granting Judge Rambo's motion to dismiss. See Capogrosso v. Supreme Court of New Jersey, 588 F.3d 180, 184 (3d Cir. 2009) (per curiam).

[4] In 1996, Congress amended § 1983 to substantially limit claims for injunctive relief against judicial officers acting in their judicial capacity. See Listenbee v. Reynolds, 201 F.3d 194, 197-98 (3d Cir. 2000).

dispositive motion two years after discovery in [one of his civil rights cases] had expired." As the District Court determined, the action complained of was taken in Judge's Rambo's judicial capacity, and the ruling was well within her authority to make as arbiter in Paluch's lawsuit. We perceive no error in the District Court's determination. See Stump v. Sparkman, 435 U.S. 349, 356 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority").

Furthermore, we agree with the District Court that Paluch's allegations of a conspiracy afoot are insufficient to survive Rule 12(b)(6). See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 178 (3d Cir. 2010) ("to properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred"). While Paluch chides Judge Rambo for various adverse rulings, he conveniently ignores the many favorable rulings he received from Judge Rambo throughout his civil rights proceedings. See, e.g., Paluch v. Dawson, M.D. Pa. Civ. No. 06-cv-01751 (Dec. 12, 2007 – partial grant of Paluch's motion to compel; July 17, 2008 – another partial grant of Paluch's motion to compel; June 16, 2009 – denial of defendants' motion for summary judgment; Oct. 15, 2009 – partial grant of Paluch's nunc pro tunc motion in limine). Therefore, for substantially the reasons given in its memorandum opinion, the District Court properly granted Judge Rambo's motion to

7

dismiss.[5]

## IV.

For the reasons given in this opinion, we will summarily affirm the judgment of the District Court. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).[6]

---

[5] We note that the two salient issues in this appeal—the propriety of the District Court's order denying remand, and of its order dismissing Paluch's complaint—are interconnected. Specifically, it is because Judge Rambo is plainly entitled to absolute judicial immunity that considerations of finality, efficiency and consumption of judicial resources are sufficiently compelling for us to uphold the District Court's judgment, any potential violation of § 1446(b)'s time limitation notwithstanding. See Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co., 491 F.3d 320, 327 (6th Cir. 2007) ("even if the plaintiff moved to remand, the judgment will stand so long as considerations of finality and economy are compelling").

[6] Paluch's motion for miscellaneous relief, received by the Court on September 22, 2011, is denied. In particular, we note that Paluch's allegation that he has difficulty writing is unsupported by any objective evidence and is belied by his prolixity.