# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10629
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 7, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DONALD JOSEPH WEST,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:12-CR-49-1

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:*

A jury found Donald Joseph West guilty of aggravated bank robbery, using and carrying a firearm during and in relation to a crime of violence, and being a felon in possession of a firearm, violations of 18 U.S.C. §§ 922, 924, and 2113. Although West was represented by the Federal Public Defender (FPD) through the Government's case in chief and during the presentation of two defense witnesses, West insisted on proceeding pro se for the remainder of the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

proceedings. Now represented by counsel, West argues that although he was mentally competent to stand trial, he was not mentally competent to represent himself at trial. Even under a de novo standard of review, West has not shown that the district court erred in granting his request to proceed pro se. Accordingly, we need not decide the appropriate level of review. *See, e.g., United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

A defendant has a constitutional right to represent himself at trial. *Faretta v. California*, 422 U.S. 806, 814-20 (1975). To exercise the right to self-representation, the defendant must knowingly and intelligently forgo counsel, and his request to proceed without counsel must be clear and unequivocal. *United States v. Cano*, 519 F.3d 512, 516 (5th Cir. 2008). A defendant "may not waive his right to counsel or plead guilty unless he does so competently and intelligently." *Godinez v. Moran*, 509 U.S. 389, 396 (1993) (internal quotation marks and citations omitted).

In *Indiana v. Edwards*, 554 U.S. 164, 178 (2008), the Supreme Court held that "the Constitution permits States to insist upon representation by counsel for those competent enough to stand trial . . . but who still suffer from severe mental illness to the point whether they are not competent to conduct trial proceedings by themselves." However, the Court declined to adopt a specific measure for determining a defendant's ability to conduct a trial. *Id*. at 175-77.

West's reliance on *Edwards* is misplaced for several reasons. First, in *Edwards*, the Supreme Court addressed the constitutionality of the denial of the right to self-representation; the Court did not address the competency of a defendant who is granted the right to self-representation, nor did it suggest that a trial court which allows a defendant to represent himself is required to first ascertain that he is capable of doing so. *Cf. Panetti v. Stephens*, 727 F.3d

398, 414 (5th Cir. 2013) (noting that "*Edwards* is permissive, *allowing* the state to insist on counsel, but not requiring the state to do so"), *petition for cert. filed* (Jan. 27, 2014) (No. 13-8453); *see also Wright v. Bowersox*, 720 F.3d 979, 986 (8th Cir. 2013) (concluding that *Edwards* did not announce a new constitutional rule requiring a state court to impose a heightened standard of competency when a defendant wishes to waive his right to counsel). Further, even assuming that the decision in *Edwards* is relevant to the instant case, West has not shown that his competency fell below a standard which would have required the district court to deny his request to represent himself. *See Edwards*, 554 U.S. at 178.

West alternatively argues for the first time on appeal that the district court erred by denying his request to call witnesses in order to present his defensive theory of the case. We review his argument for plain error only. *See United States v. Perez-Solis*, 709 F.3d 453, 462 (5th Cir. 2013). The exclusion of evidence does not necessitate reversal unless it affected the defendant's substantial rights. *United States v. Tuma*, 738 F.3d 681, 687-88 (5th Cir. 2013), *petition for cert. filed* (Mar. 19, 2014) (No. 13-1152). In assessing any error, this court "must consider the other evidence in the case and determine whether the improperly excluded evidence, if admitted, would have had a substantial impact on the jury's verdict." *Id.* at 688. West has not shown that the denial of the witnesses amounted to plain error, or that it affected his substantial rights.

AFFIRMED.