# United States Court of Appeals
### For the Eighth Circuit

_____

No. 17-2553

_____

Roger Lemaster

*Plaintiff - Appellant*

v.

Wendy Kelley, Director, Arkansas Department of Correction

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff

_____

Submitted: September 28, 2018
Filed: November 8, 2018
[Unpublished]

_____

Before SMITH, Chief Judge, MELLOY and STRAS, Circuit Judges.

_____

PER CURIAM.

Roger Lemaster claims in his federal habeas petition that trial counsel was ineffective for allegedly dissuading him from testifying in his own defense. The district court[1] concluded that he was not entitled to any relief, and we affirm.

I.

The state of Arkansas charged Lemaster with the rape of his minor stepdaughter. Lemaster's defense at trial was that she had fabricated the allegations, largely due to the encouragement of her mother, with whom he had a fractured relationship. Lemaster's attorney aggressively cross-examined the victim at trial, which revealed problems with her testimony and inconsistencies in her account. Defense counsel focused on the victim's credibility in closing argument.

Despite this focus, Lemaster did not testify. He now alleges that he expressed a desire to do so, but counsel talked him out of it by allegedly telling him that "there was 'no reason'" for it and that "the 'case was won' without his testimony." Lemaster did not protest when the defense rested without calling him as a witness. Despite counsel's confidence, the jury found Lemaster guilty.

After his conviction became final, Lemaster filed a state postconviction petition in which he alleged, among other things, that counsel had rendered constitutionally ineffective assistance by advising him not to testify. The state trial court denied relief without granting him an evidentiary hearing, and as relevant here, the Arkansas Supreme Court affirmed. *Lemaster v. State*, 2013 Ark. 449, at 3–6 (per curiam). The bottom-line conclusion of the Arkansas Supreme Court was that Lemaster had failed to establish "that counsel's decision to advise him not to testify was other than a tactical decision within the realm of counsel's professional judgment." *Id.* at 6.

---

[1] The Honorable Billy Roy Wilson, United States District Judge for the Eastern District of Arkansas.

Lemaster then petitioned for federal habeas relief. The district court denied his ineffective-assistance-of-counsel claim, again without an evidentiary hearing. But it granted him a certificate of appealability on the claim, which we now review de novo. *See O'Rourke v. Endell*, 153 F.3d 560, 578 (8th Cir. 1998).

II.

Lemaster's claim fails from the start. By statute, a federal court may not grant habeas relief on "any claim that was adjudicated on the merits in State court proceedings unless the adjudication," as relevant here, "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).[2] We must, in other words, defer to "[a] state court's determination that a claim lacks merit . . . so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (internal quotation marks and citation omitted).

Lemaster is not entitled to federal habeas relief because the Arkansas Supreme Court's decision was neither contrary to nor an unreasonable application of clearly established federal law. To prevail on his ineffective-assistance-of-counsel claim, Lemaster had to show that "counsel's performance was deficient," *Strickland v. Washington*, 466 U.S. 668, 687 (1984), which the Arkansas Supreme Court concluded that he did not do, *Lemaster*, 2013 Ark. 449, at 6.

---

[2]A federal court may also grant a petition for a writ of habeas corpus if the state court's decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 18 U.S.C. § 2254(d)(2). The state court's decision did not rest on a factual determination, much less an unreasonable one.

Proving deficiency is no easy task, because attorneys who have prepared for trial are entitled to a "strong presumption" that the challenged action was "sound trial strategy." *Strickland*, 466 U.S. at 689 (citation omitted); *accord Francis v. Miller*, 557 F.3d 894, 901 (8th Cir. 2009) (explaining the "general presumption" that attorneys who have prepared for trial have "engaged in sound trial strategy"). For example, provided that counsel has adequately investigated the "law and facts relevant to plausible options," a decision not "to call [a] witness[] . . . is presumed to be reasonable trial strategy." *White v. Roper*, 416 F.3d 728, 732 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 690).

All the Arkansas Supreme Court did when it denied Lemaster's ineffective-assistance-of-counsel claim was apply the presumption from *Strickland* and conclude that Lemaster had not overcome it. It did not, as the district court thought, "announce[] a per se rule that counsel cannot be deficient for advising a defendant not to testify as long as counsel informs the defendant of his right to testify on his own behalf." After all, saying that Lemaster "fail[ed] to meet his burden of proof" or "show" that trial counsel's decision was anything "other than a tactical decision," *Lemaster*, 2013 Ark. 449, at 5–6, is context-specific, not categorical.

The Arkansas Supreme Court's decision also reasonably applied the presumption. Among other things, Lemaster did not allege that counsel had conducted a deficient investigation, relied on bad information, or intentionally misled him or coerced him into giving up his right to testify. In fact, Lemaster did not even "state what his testimony would have been." *Id.* at 4. Instead, he simply made conclusory assertions that trial counsel, in hindsight, should have made a different strategic calculation. Given these threadbare allegations, the Arkansas Supreme Court was entitled to conclude that Lemaster had failed to overcome the presumption of competence and "meet his burden of proof" to show deficiency. *Id.* at 5.

That the Arkansas Supreme Court reasonably rejected Lemaster's claim also establishes that the district court did not abuse its discretion when it declined to hold an evidentiary hearing. *See Wright v. Bowersox*, 720 F.3d 979, 987 (8th Cir. 2013) (explaining the standard of review). A district court is not required to hold an evidentiary hearing if the record "precludes habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Lemaster's claim fails under 28 U.S.C. § 2254(d)(1), regardless of any facts that might emerge at an evidentiary hearing.

III.

We affirm the judgment of the district court.

_____