Tad Anthony ISOM *v*. STATE of Arkansas

CR 83-84                                    682 S.W.2d 755

Supreme Court of Arkansas
Opinion delivered January 21, 1985

*Appellant,* Pro Se.

*Steve Clark,* Att'y Gen., by: *Matthew Wood Fleming,* Asst. Att'y Gen., for appellee.

PER CURIAM. Petitioner Tad Anthony Isom was found guilty by a jury of rape and sentenced to a term of 20 years imprisonment and a $5,000 fine. We affirmed. *Isom v. State,* 280 Ark. 131, 655 S.W.2d 405 (1983). Petitioner now seeks permission to proceed in circuit court for postconviction relief pursuant to A.R.Cr.P. Rule 37 on the ground that he was not afforded effective assistance of counsel at trial.

During voir dire venireman Hill said that if he were on trial he would want to testify. He also said that he worked with the victim's boyfriend. Petitioner contends that counsel was ineffective in failing to exercise a peremptory challenge to exclude Mr. Hill from the jury.

To prevail on an allegation of ineffective assistance of counsel, the petitioner must establish that the conduct of counsel prejudiced him so as to undermine the proper functioning of the adversarial process. *Strickland* v. *Washington,* ___ U.S. ___, 104 S. Ct. 2052 (1984). The object of a review of a claim of ineffectiveness of assistance of counsel is not to grade counsel's performance but to find actual prejudice. *Strickland* v. *Washington.* Petitioner has not shown that he was prejudiced by counsel's representation.

Hill said that he had not discussed the case with the victim's boyfriend and that he could make a decision in the case without any "feeling one way or the other." He was not asked to elaborate about wishing to testify if it were his trial, but he did answer "yes" when asked if he understood that petitioner was not required to testify and that the failure to testify should not be held against him. Hill also said he could give petitioner a fair and impartial trial and would hold the state to its burden of proving guilt beyond a reasonable doubt.

Petitioner also contends that three other jurors, Newman, Branch and Dunlop, were either employed with relatives of the prosecutrix or acquainted with her family. He does not, however, demonstrate any actual bias on the part of any juror.

Jurors are presumed unbiased and qualified to serve.

*Linell* v. *State*, 283 Ark. 162, 671 S.W.2d 741 (1984). The petitioner has the burden of proving that a juror was biased. *Urquhart* v. *State*, 275 Ark. 486, 631 S.W.2d 304 (1982). The mere fact that a juror may have been acquainted with the victim's friends or family does not give rise to a presumption of bias. Petitioner here has not established that any juror was biased or that any actual prejudice arose from counsel's decision not to challenge a particular juror.

Counsel did not object to the testimony of Officer Charles Cater concerning the chain of custody of the "rape kit" until after his testimony was fully completed. We held on appeal that the objection, which was made on the ground that Cater's name had not been supplied in response to a motion for discovery, was not timely. Petitioner alleges that counsel was incompetent for not lodging the objection soon enough to prevent the testimony.

Cater was not the only witness to testify about the rape kit and petitioner has not shown that it could not have been admitted into evidence even without Cater's testimony. As we noted on appeal, there was no real possibility of substitution since only one kit came from the hospital in Jefferson County and there was no evidence of tampering. Moreover, even if Cater's testimony would have been stricken on timely objection and the rape kit not admitted as a result, there is nothing to indicate that the conduct of counsel in not making the objection undermined the proper functioning of the adversarial process. *See Strickland* v. *Washington.* There was ample evidence of petitioner's guilt even without the evidence related to the rape kit.

Petitioner next alleges that the trial judge, the prosecutor and his attorney all entered the jury room during the jury's deliberations because the jury requested additional instructions. He argues that counsel should have objected since he was not also taken into the jury room. The record does not reflect a request by the jury for further instructions, but petitioner has attached to his petition the affidavits of several persons who state that counsel and the judge entered the jury room.

Although petitioner argues that he was materially prejudiced by the fact that counsel and the court may have met with the jury without him, an evidentiary hearing is not required where a petitioner cannot say that counsel's conduct created any prejudice. To grant postconviction relief on a conclusory allegation with no showing that counsel in any way impeded the fair adjudication of the accused's guilt or innocence would undermine the purpose of our postconviction rule, which is to provide a remedy where counsel's incompetence demonstrably affected the petitioner's right to a fair trial.

Petitioner did not testify in his own behalf. He avers in this petition that he was willing to testify and counsel would not permit him to do so. The accused has the right to choose whether to testify at his trial. *Moore* v. *State*, 244 Ark. 1197, 429 S.W.2d 122 (1968). Counsel may only advise the accused in making the decision. *Watson* v. *State*, 282 Ark. 246, 667 S.W.2d 953 (1984). Nevertheless, a petitioner must do more than simply state that he was not allowed to testify. He must state specifically what the content of his testimony would have been and demonstrate that his failure to testify resulted in actual prejudice to his defense. To reiterate, there can be no finding of ineffective assistance of counsel without a showing of prejudice sufficient to undermine the proper functioning of the judicial process. *Strickland* v. *Washington.*

Furthermore, although petitioner first advances the bare allegation that counsel "failed to permit the petitioner to testify in his own behalf against his own wishes," he goes on to say as factual support for the allegation that he "expressed his willingness" to testify. It appears that counsel made a professional judgment that as a matter of trial strategy it would be improvident for petitioner to take the stand even though he was willing to do so. Another attorney when faced with the overwhelming evidence against petitioner might have assessed the exculpatory or mitigating value of petitioner's testimony differently and advised him to testify, but this fact merely points out the diversity among attorneys when confronted with a difficult tactical decision. It is evident from counsel's questioning in

voir dire that she adopted at the outset of the trial the strategy whereby petitioner would remain silent. Even if it were unwise of counsel to have mentioned in voir dire the fact that petitioner would not testify, the decision to advise a client not to take the stand is a tactical one within the realm of counsel's professional judgment, and matters of trial tactics and strategy are not grounds for postconviction relief. *Watson* v. *State; Leasure* v. *State,* 254 Ark. 961, 497 S.W.2d 1 (1973). Neither mere error on the part of counsel nor bad advice is tantamount to a denial of a fair trial. *Hayes* v. *State,* 280 Ark. 509, 660 S.W.2d 648 (1983).

Finally, petitioner asserts that the errors and omissions of counsel were "cumulatively prejudicial." This Court does not recognize cumulative error in allegations of ineffective assistance of counsel. *Guy* v. *State,* 282 Ark. 424, 668 S.W.2d 952 (1984); *Henderson* v. *State,* 281 Ark. 306, 663 S.W.2d 734 (1984).

Petition denied.