Jerry Ray FRANKS *v.* STATE of Arkansas

CR 86-5                                              709 S.W.2d 406

Supreme Court of Arkansas
Opinion delivered May 27, 1986

*Chet Dunlap,* for appellant.

*Steve Clark*, Att'y Gen., by: *Joel O. Huggins*, Asst. Att'y Gen., for appellee.

GEORGE ROSE SMITH, Justice. This is a postconviction proceeding under Criminal Procedure Rule 37. In 1982 the appellant, Jerry Ray Franks, was charged with three counts of burglary and three counts of theft, plus a charge that he was an habitual criminal with three prior felony convictions. The trial began on January 20, 1983. During the testimony of the State's first witness Franks told his attorney that he desired to withdraw his claim of innocence and enter a plea of guilty.

The trial judge excused the jury and determined, after having fully complied with Criminal Procedure Rule 24, that the plea was voluntary and that Franks admitted having committed each of the offenses charged. The judge also determined from the record that Franks had been committed to a mental health center and found to be free from any mental illness or defect and to understand the charges against him. Franks stated that he was not under the influence of alcohol or drugs. During a recess Franks signed a Guilty Plea Statement after it had been explained to him by his attorney. The court then accepted the plea of guilty and imposed sentence.

Two years later Franks filed the present handwritten petition, acting pro se. He asks that his conviction be set aside and that he be granted a new trial. The trial judge denied the petition on the basis of the record, without an evidentiary hearing. The only argument for reversal is that a hearing should have been held.

The argument is without merit. When the plea was accepted Franks stated that he was guilty, and the court so found. In his present petition Franks does not say that he was not guilty. He alleges ineffectiveness of counsel without stating any facts: "My lawyer did not help me at all on my case. He just tried to get me to cop out, and told me I was going to get a lot more time. He confused me and my father, that's the only reason I pleaded mercy to the court." In view of Franks's admissions of guilt, no possible prejudice is shown. *Welch* v. *State*, 283 Ark. 281, 675 S.W.2d 641 (1984).

The petition also alleges: "I was badly on drugs, but didn't want to admit it because I felt it would be even worse on me. I pleaded to the Court because I didn't know what I was doing at the time, and I was thinking of too many things at once." These

allegations are conclusory and assert nothing that was not before the court when the plea was accepted. The prior record being essentially undisputed, no reason for an evidentiary hearing has been shown.

Affirmed.

PURTLE, J., not participating.