Billy Ray SCOTT *v.* STATE of Arkansas

CR 90-6                                                      795 S.W.2d 353

Supreme Court of Arkansas
Opinion delivered September 10, 1990
[Rehearing denied October 8, 1990.]

*Deborah Davies Cross*, for appellant.

*Steve Clark*, Att'y Gen., by: *R.B. Friedlander*, Solicitor General, for appellee.

DAVID NEWBERN, Justice. Billy Ray Scott appeals from his conviction of first degree murder. With his direct appeal he has combined an appeal from the trial court's decision that he is not entitled to relief with respect to his claim of ineffective assistance of counsel pursuant to former Ark. R. Crim. P. 37.

Scott contends the evidence was insufficient to support the conviction and thus the court erred in failing to grant his motion for a directed verdict. We conclude the evidence was sufficient to go to the jury. His other points for reversal are that he was denied due process of law because the state interfered with one of his witnesses and that the prosecutor's argument on sentencing was improper and prejudicial. We decline to address both of these latter points because they were not argued to the trial court. *Hegwood* v. *State*, 297 Ark. 218, 760 S.W.2d 859 (1988); *Wicks* v. *State,* 270 Ark. 781, 606 S.W.2d 366 (1980). The judgment is affirmed on direct appeal. We also affirm the trial court's conclusion that Scott was not entitled to post-conviction relief pursuant to former Rule 37.

## 1. Sufficiency of the evidence

Testimony presented by the state showed that on the evening the killing occurred Scott was eating chicken in the kitchen of a house the witnesses referred to as a "gambling house," "bootleg house," or "party house" which was crowded with evening revelers. At the mention that John Henry Lewis had appeared at the house, Scott arose, drew two pistols from beneath his leather jacket, and began chasing Lewis.

Lewis ran into a room in which several people were playing cards and where Credell Nichols was seated on a couch. Lewis ran behind the couch and exchanged numerous gunshots with Scott, who was bobbing about the door to the room firing his pistols and dodging Lewis's bullets. Several persons were shot. One of them was Nichols who died from a bullet wound to the right side of his head.

Scott's allegation of insufficiency of the evidence has two aspects. He contends it was not shown that it was his bullet that killed Nichols, and he contends there was no evidence of premeditation or deliberation required for a first degree murder conviction at the time the offense was committed. See Ark. Code Ann. § 5-10-102(a)(2) (1987), which has since been amended to require having a "purpose" to cause death rather than premeditation or deliberation. Act 856 of 1989, § 2.

### a. Scott's or Lewis's bullet

Scott does not dispute the fact that there was testimony from which it could have been concluded that Nichols's position while seated on the couch placed the right side of his head toward the doorway from which Scott was firing at Lewis. Scott points out, however, evidence that Nichols was rising from the couch, apparently to attempt to escape from the gunfire, when he was shot and that the state medical examiner, Dr. Malak, was unable to say what Nichols's position was at the time he was shot because his head could have turned either way. He might have turned the right side of his head toward Lewis.

We cannot say the evidence was insufficient on this point. Dr. Malak also testified that there were no signs of stippling or gunpowder around the wound on Nichols, and thus the shot

which killed him was fired from more than three feet away from the point of entry. From that evidence, the jury could easily have concluded that Nichols was not killed by Lewis who was behind the couch but by Scott who was firing from a distance greater than three feet.

### b. Premeditation and deliberation

Nor can we conclude the evidence was insufficient to show premeditation and deliberation. The testimony made it quite clear that Scott was the initial aggressor. He chased after Lewis and bumped another person out of the way to get at Lewis. He fired numerous shots at Lewis. Evidence sufficient to go to the jury on premeditation and deliberation may be circumstantial. *House* v. *State*, 230 Ark. 622, 324 S.W.2d 112 (1959). Evidence of the manner in which deadly weapons are used may be sufficient to justify a jury's conclusion that the defendant had a deliberate intent to kill. *Weldon* v. *State*, 168 Ark. 534, 270 S.W. 968 (1925).

### 2. Post-conviction relief

Ordinarily we do not consider post-conviction relief, sought pursuant to our former Rule 37, upon direct appeal because the issue has ordinarily not been addressed by the trial court. *Knappenberger* v. *State*, 278 Ark. 382, 647 S.W.2d 417 (1983); *Hilliard* v. *State*, 259 Ark. 81, 531 S.W.2d 463 (1976). We have, however, allowed combining direct appeal with an appeal from a Rule 37 decision when the Rule 37 issue has, as in this case, been considered by the trial court by the time we decide the direct appeal, *Philyaw* v. *State*, 292 Ark. 24, 728 S.W.2d 150 (1987), and we do so here.

Scott was sentenced on June 22, 1989. Our *per curiam* order of May 30, 1989, abolishing Rule 37 became effective on July 1, 1989. The order provided that "persons who have been convicted and sentenced during the time this rule [Rule 37] was in effect may proceed in accordance with the rule as it existed prior to that date." Thus when Scott informed the court of his complaints of ineffective assistance of counsel at his trial the court properly considered Scott's petition to be a request for relief under the former rule.

Scott's petition consisted of a hand-written note alleging his trial counsel had been ineffective. On June 29, 1989, a hearing was held at which the trial court read the note on the record. The allegations of ineffectiveness read by the court were: "Counsel did not get witnesses. My priors have nothing to do with this. Trial advised me not to take stand. Used statement Billie Kelly had murder charge. Purgers . . . testified and made false statement. I should have been allowed to take stand without priors brought up. Attorney should have objected to Prosecutors advising jurors to find me guilty of first-degree murder. And should have instructed jurors more clearly of this case." The note further requested a hearing and counsel other than the public defender's office which had represented Scott at the trial.

The court, on July 5, 1989, entered an order containing a discussion of the allegations, as detailed as possible, to the effect that Scott had stated only conclusions and had given no valid reasons requiring a further hearing on the question of ineffective assistance of counsel. The order fulfilled the requirements of Rule 37.3(a). *Smith* v. *State,* 290 Ark. 90, 717 S.W.2d 193 (1986); *Franks* v. *State,* 289 Ark. 122, 709 S.W.2d 406 (1986).

We agree that no further action was required. No facts showing ineffectiveness of counsel were stated. For example, the petition did not name any witness not procured by defense counsel. We might agree with Scott's argument that he had a right to testify in his own defense, but he has shown nothing to indicate the decision was other than a tactical one. The argument that he had a right to testify in his own defense does not address the complaint he made, however, which was that he should have been allowed to testify without reference being made, presumably by the prosecution, to his prior convictions.

We affirm the conviction on direct appeal. We also affirm the trial court's refusal to grant post-conviction relief.