2013 Ark. 237

**George HICKEY, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CR–11–60.**

Supreme Court of Arkansas.

May 30, 2013.

**450**

George Hickey, pro se appellant.

Dustin McDaniel, Att'y Gen., by: Kent G. Holt, Ass't Att'y Gen., for appellee.

PER CURIAM.

In 2009, appellant George Hickey was found guilty by a jury of rape, kidnapping, and first-degree terroristic threatening. He was sentenced to an aggregate term of life imprisonment. We affirmed. *Hickey v. State*, 2010 Ark. 109, 2010 WL 745919. Following the issuance of our mandate, appellant timely filed a pro se petition for postconviction relief in the circuit court pursuant to Arkansas Rule of Criminal Procedure 37.1 (2009).[1] In his petition, appellant asserted that defense counsel was ineffective in failing to do the following: (1) consult with and call as a witness a medical expert regarding the lack of appellant's DNA evidence found on the victim; (2) investigate, develop, and present to the jury the lack of physical evidence in the case; (3) investigate, develop, and present to the jury a timeline of the incident; (4) call appellant as a witness on his own behalf. The circuit court denied the relief requested without an evidentiary hearing, and appellant now appeals from the circuit court's order. We affirm.

In an appeal from a circuit court's denial of a petition under Rule 37.1, the question presented is whether, based on the totality of the evidence, the trial court clearly erred in holding that counsel's performance was not ineffective under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Jackson v. State*, 352 Ark. 359, 105 S.W.3d 352 (2003). A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been commit-

---

1. Appellant subsequently filed a "Motion Requesting Leave to File an Amended or Supplemental Rule 37.1 Petition," which the circuit court denied on the grounds that appellant's motion failed to identify any grounds that he was unaware of at the time he filed his original Rule 37.1 petition.

ted. *Flores v. State,* 350 Ark. 198, 85 S.W.3d 896 (2002).

The *Strickland* standard is a two-prong test. When a convicted defendant complains of ineffective assistance of counsel, he must first show that counsel's performance was deficient through a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment. Secondly, the petitioner must show that the deficient performance prejudiced the defense, which requires a showing that counsel's errors were so serious as to deprive the petitioner of a fair trial. *Andrews v. State,* 344 Ark. 606, 42 S.W.3d 484 (2001) (per curiam).

There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Noel v. State,* 342 Ark. 35, 26 S.W.3d 123 (2000). The defendant claiming ineffective assistance of counsel has the burden of overcoming that presumption by identifying the acts and omissions of counsel, which, when viewed from counsel's perspective at the time of trial, could not have been the result of reasonable professional judgment. *Burton v. State,* 367 Ark. 109, 238 S.W.3d 111 (2006). The petitioner must show that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt and that the decision reached would have been different absent the errors. *Id.*

Arkansas Rule of Criminal Procedure 37.3(a) provides, "If the petition and the files and records of the case conclusively show that the petitioner is entitled to no relief, the trial court shall make written findings to that effect, specifying any parts of the files, or records that are relied upon to sustain the court's findings." The trial court has discretion pursuant to Rule 37.3(a) to decide whether the files or records are sufficient to sustain the court's findings without a hearing. *Greene v. State,* 356 Ark. 59, 146 S.W.3d 871 (2004). If the trial court fails to make findings as required by Rule 37.3(a), it is reversible error, unless the record before this court conclusively shows that the petition was without merit. *Carter v. State,* 342 Ark. 535, 538, 29 S.W.3d 716, 718 (2000).

## I. *Failure to Obtain and Present Testimony of a Medical Expert*

Appellant first argues that the circuit court erred in denying his claim that defense counsel was ineffective in failing to consult with and elicit the testimony of a medical expert regarding the lack of appellant's DNA found on the victim. In his petition for postconviction relief, appellant alleged that a medical expert would have testified that appellant's DNA was not found on the victim and to the probability of whether a perpetrator's DNA evidence would be found on a victim after being vaginally and orally raped for hours, as the victim in the instant case testified. The circuit court found this allegation to be conclusory and denied relief. We agree.

The burden is entirely on the petitioner in a Rule 37.1 proceeding to provide facts that affirmatively support the claims of prejudice. *Jones v. State,* 2011 Ark. 523, 2011 WL 6091468; *Payton v. State,* 2011 Ark. 217, 2011 WL 1805340 (per curiam). In the instant case, appellant failed to offer any evidence that his counsel was ineffective for failing to elicit the testimony of a medical expert regarding the lack of his DNA found on the victim and further failed to establish that a reasonable probability existed that the outcome of the trial would have been different had his attorney done so. To the contrary, the facts to which appellant contends a medical expert would have testified were

fully developed and presented to the jury without the necessity of presenting the testimony of a medical expert. The victim testified that appellant vaginally and orally raped her before ejaculating on her face and that appellant made her wipe his seminal fluid off her face with a towel that he provided. Further, the jury was apprised of the fact that appellant's DNA was not found on the victim through the testimony of the detective and the physician who supervised the rape-kit administration, both of whom testified that the analysis of the rape kit revealed no DNA matching that of appellant. In her opening statements, the prosecutor also made the jury aware of the absence of appellant's DNA on the victim.

As appellant failed to offer any evidence that his counsel was ineffective for failing to consult with and call as a witness a medical expert regarding the lack of DNA evidence on the victim and failed to establish that a reasonable probability existed that the outcome of the trial would have been different had his counsel pursued the issue, he did not meet the standard under *Strickland* for a showing of ineffective assistance of counsel.

■■■■ Moreover, the decision of whether to call particular witnesses is a matter of trial strategy that is outside the purview of Rule 37. *Noel v. State*, 342 Ark. 35, 26 S.W.3d 123 (2000). Trial counsel must use his or her best judgment to determine which witnesses will be beneficial to the client. *Id.* When assessing counsel's decision not to call a particular witness, we must take into account that the decision is largely a matter of professional judgment, and the fact that there was a witness or witnesses who could have offered beneficial testimony is not, in itself, proof of counsel's ineffectiveness. *Id.* Where the prosecutor did not refute and, in fact, admitted that evidence of appel-

lant's DNA was not found on the victim, we cannot say that it was not a well-reasoned, tactical decision of defense counsel to not consult with and present testimony of a separate medical expert; nor can we say that appellant's defense was prejudiced as a result of his defense counsel's failure to do so. Accordingly, the circuit court properly denied relief on this claim without a hearing. *See Scott v. State*, 303 Ark. 197, 795 S.W.2d 353 (1990); *Rheuark v. State*, 299 Ark. 243, 771 S.W.2d 777 (1989).

## II. *Failure to Investigate*

Appellant next argues that the circuit court erred in denying his claim that defense counsel was ineffective in failing to investigate and present to the jury the lack of physical evidence in his case. Specifically, appellant asserts that the prosecution relied solely on the victim's testimony and that had defense counsel conducted a proper investigation, he could have presented to the jury a "reasonable explanation" for the lack of physical evidence.

■■■■ In *Flores*, we explained the duty of trial counsel to investigate:

[T]rial counsel had a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments. *Strickland, supra.* However, "when the appellant shows that defense counsel failed to exercise the customary skills and diligence that a reasonably competent attorney would exhibit under similar circumstances, that presumption

must fail." *Starr v. Lockhart,* 23 F.3d 1280 (8th Cir.1994).

350 Ark. 198, 212–13, 85 S.W.3d 896, 905.

■ In his petition for postconviction relief, appellant contended that if the rape had occurred as the victim alleged, "[a]mple physical evidence would have been found" and that the outcome of the trial would have been different if defense counsel had properly investigated and presented the lack of physical evidence to the jury. However, as previously discussed, the jury was apprised of the evidence in the case, or lack thereof, as it pertained to DNA evidence. Further, appellant fails to delineate the actual prejudice that arose as a result of the alleged ineffectiveness. As the jury was made aware that appellant's DNA was not found on the victim; that Derrick Baker, who was present in appellant's residence at the time of the rape, did not witness appellant having sex with the victim; and that Baker did witness appellant and the victim going into a separate room, but did not hear a commotion or any noises that would otherwise indicate that a rape was taking place, we cannot say that any additional investigation or presentation to the jury regarding the lack of evidence would have changed the trial outcome. Thus, appellant did not meet the standard under *Strickland* for a showing of ineffective assistance of counsel on this claim. Accordingly, the circuit court properly denied relief on this claim without a hearing.

### III. *Failure to Present to the Jury a Timeline of Events*

■ Appellant next argues that the circuit court erred in denying his claim that defense counsel was ineffective in failing to develop and present to the jury a timeline of the incident. Specifically, appellant contends that establishing a timeline would have allowed the jury to take notice of the inconsistencies in the victim's testimony; however, appellant does not specify which inconsistencies in the victim's testimony would have been revealed had a timeline of events been presented to the jury. Nor does appellant affirmatively prove that his defense was prejudiced by counsel's failure to present to the jury a timeline of the incident.

■ Unless appellant makes both *Strickland* showings, it cannot be said that the conviction resulted from a breakdown in the adversary process that renders the result unreliable. *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052. The strong presumption in favor of counsel's effectiveness cannot be overcome by a mere possibility that an evidentiary hearing might produce evidence to bolster an allegation contained in a petition for postconviction relief. *See Whitmore v. State,* 299 Ark. 55, 771 S.W.2d 266 (1989); *see also Nance v. State,* 339 Ark. 192, 4 S.W.3d 501 (1999).

■ Furthermore, we have repeatedly held that matters of trial strategy and tactics, even if arguably improvident, fall within the realm of counsel's professional judgment and are not grounds for a finding of ineffectiveness of counsel. *Springs v. State,* 2012 Ark. 87, 387 S.W.3d 143. Even if another attorney may have chosen a different course, trial strategy is a matter of professional judgment even if it proves unsuccessful. *Id.* Accordingly, the circuit court properly denied relief on this claim without a hearing.

### IV. *Failure to Call Appellant as a Witness on His Own Behalf*

As his final point, appellant argues that the circuit court erred in denying his claim that defense counsel was ineffective in failing to call him as a witness on his own behalf. Specifically, appellant asserts that defense counsel advised him, through coer-

cion and duress, to not testify; however, appellant offers no facts to substantiate that claim. Appellant further argues that had he testified on his own behalf, he would have proclaimed his innocence and testified as to his education level, childhood, and ability to form healthy relationships. Not testifying, appellant alleges, was highly prejudicial to his defense in that it left the jury with only the victim's testimony.

██ We cannot say that the circuit court erred in denying relief on this claim. "The accused has the right to choose whether to testify on his own behalf. Counsel may only advise the accused in making the decision. The decision to testify is purely one of strategy." *Chenowith v. State*, 341 Ark. 722, 734, 19 S.W.3d 612, 618 (2000); *Wainwright v. State*, 307 Ark. 569, 580, 823 S.W.2d 449, 454–55 (1992) ("[T]he decision to advise a defendant not to take the stand, even if it proves improvident, is a tactical decision within the realm of counsel's professional judgment, and matters of trial tactics and strategy are not grounds for post-conviction relief."); *Scott v. State*, 303 Ark. 197, 201, 795 S.W.2d 353, 355 (1990) ("We might agree with Scott's argument that he had a right to testify in his own defense, but he has shown nothing to indicate the decision was other than a tactical one."); *Isom v. State*, 284 Ark. 426, 430, 682 S.W.2d 755, 758 (1985) ("[T]he decision to advise a client not to take the stand is a tactical one within the realm of counsel's professional judgment, and matters of trial tactics and strategy are not grounds for postconviction relief. Neither mere error on the part of counsel nor bad advice is tantamount to a denial of a fair trial."); *McDaniel v. State*, 282 Ark. 170, 174, 666 S.W.2d 400, 403 (1984) ("Even if petitioner would have been better off not taking the stand, mere mistakes on counsel's part do not establish the denial of a fair trial.").

██ In his petition for postconviction relief, appellant stated that defense counsel advised him that if he testified on his own behalf, he would be open to questioning on his prior felony convictions. Thus, it appears that defense counsel made a professional judgment that it would be improvident for appellant to testify given his criminal history. While another attorney may have assessed the situation differently, the decision to advise a client to testify on his own behalf is a tactical one within the realm of counsel's professional judgment, and matters of trial tactics and strategy are not grounds for postconviction relief. *Isom*, 284 Ark. 426, 682 S.W.2d 755. Furthermore, the circuit court found, after reviewing the trial record, that appellant was personally addressed by the circuit court at the close of the defense's case and questioned as to whether it was his decision to not testify on his own behalf, to which appellant replied in the affirmative. Accordingly, the circuit court properly denied relief on this claim without a hearing.

The circuit court's denial of postconviction relief is affirmed.

Affirmed.