
SLIP OPINION

Cite as 2013 Ark. 449

# SUPREME COURT OF ARKANSAS

No. CR–11–1138

**Opinion Delivered** November 7, 2013

ROGER LEMASTER
    APPELLANT

v.

STATE OF ARKANSAS
    APPELLEE

PRO SE APPEAL FROM THE
LONOKE COUNTY CIRCUIT COURT,
43CR-09-310, HON. BARBARA
ELMORE, JUDGE

AFFIRMED IN PART, REVERSED
AND REMANDED IN PART.

**PER CURIAM**

In 2010, the Lonoke County Circuit Court found appellant Roger Lemaster guilty of the rape of his stepdaughter and imposed a sentence of 156 months' imprisonment. The Arkansas Court of Appeals affirmed. *Lemaster v. State*, 2011 Ark. App. 128.

Appellant subsequently filed in the trial court a timely pro se petition for postconviction relief pursuant to Arkansas Rule of Criminal Procedure 37.1 (2010). The trial court denied the petition without a hearing, and appellant brings this appeal. On appeal, appellant argues that it was error for the trial court to deny his request for postconviction relief, and to do so without a hearing. This court has held that it will reverse a decision granting or denying postconviction relief only when that decision is clearly erroneous. *Pankau v. State*, 2013 Ark. 162; *Banks v. State*, 2013 Ark. 147. A finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Sartin v. State*, 2012 Ark. 155, 400 S.W.3d 694. We affirm in part and reverse and remand in part.

When considering an appeal from a trial court's denial of a Rule 37.1 petition based on

SLIP OPINION

ineffective assistance of counsel, the sole question presented is whether, based on a totality of the evidence under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), the trial court clearly erred in finding that counsel's performance was not ineffective. *Taylor v. State*, 2013 Ark. 146, ___ S.W.3d ___. On appeal, appellant argues that his trial counsel provided ineffective assistance in advising him not to testify in his own defense at trial. Second, he contends that his trial counsel should have raised the trial court's denial of his motion for continuance as an issue on direct appeal. Appellant also argues that he did not receive effective assistance based on his counsel's failure to subpoena or call Ms. Lemaster as a witness to testify on behalf of the defense. Finally, appellant contends that his counsel was remiss in failing to introduce a tape recording of a telephone call to him from the victim and her mother, Becky Lemaster.

The benchmark for judging a claim of ineffective assistance of counsel must be "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. Pursuant to *Strickland,* we assess the effectiveness of counsel under a two-prong standard. First, a petitioner raising a claim of ineffective assistance must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment to the United States Constitution. *Williams v. State*, 369 Ark. 104, 251 S.W.3d 290 (2007). There is a strong presumption that trial counsel's conduct falls within the wide range of professional assistance, and an appellant has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when viewed from counsel's perspective at the



time of the trial, could not have been the result of reasonable professional judgment. *Henington v. State*, 2012 Ark. 181, 463 S.W.3d 55; *McCraney v. State*, 2010 Ark. 96, 360 S.W.3d 144 (per curiam). Second, the petitioner must show that counsel's deficient performance so prejudiced petitioner's defense that he was deprived of a fair trial. *Holloway v. State*, 2013 Ark. 140, ___ S.W.3d ___. A petitioner making an ineffective-assistance-of-counsel claim must show that his counsel's performance fell below an objective standard of reasonableness. *Abernathy v. State*, 2012 Ark. 59, 386 S.W.3d 477 (per curiam). The petitioner must show that there is a reasonable probability that, but for counsel's errors, the fact-finder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. *Howard v. State*, 367 Ark. 18, 238 S.W.3d 24 (2006). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* The language, "the outcome of the trial," refers not only to the finding of guilt or innocence, but also to possible prejudice in sentencing. *Id.* Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.* "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

Before turning to the merits of appellant's argument, we note that appellant refers to the fact that a hearing on the Rule 37.1 petition was not held, and, as an alternative remedy, he seeks a reversal and remand for a hearing on his petition. He also claims that the trial court did not make sufficient written findings in denying his petition. Arkansas Rule of Criminal Procedure

3



37.3 (2010) provides that an evidentiary hearing should be held in a postconviction proceeding unless the files and record of the case conclusively show that the prisoner is entitled to no relief. *Eason v. State*, 2011 Ark. 352 (per curiam); *Hayes v. State*, 2011 Ark. 327, 383 S.W.3d 824 (per curiam). Where it dismisses a Rule 37.1 petition without an evidentiary hearing, the trial court "shall make written findings to that effect, specifying any parts of the files, or records that are relied upon to sustain the court's findings." Ark. R. Crim. P. 37.3(a); *see Eason*, 2011 Ark. 352. This court may affirm the denial of a Rule 37.1 petition, regardless of the adequacy of the order, if we can determine from the record that the petition was wholly without merit or where the allegations in the petition are such that it is conclusive on the face of the petition that no relief is warranted. *Montgomery v. State*, 2011 Ark. 462, 385 S.W.3d 189. In this case, the trial court made the requisite written findings; however, we cannot say that appellant is not entitled to relief on one of his claims based on the face of the petition or the record before us.

In his first point on appeal, appellant contends that his trial counsel was ineffective in advising him not to testify in his own defense during the guilt phase at trial. Appellant does not state what his testimony would have been, and he does not claim that counsel prevented him from testifying. His only attempt to show prejudice is to state that after hearing his testimony during the sentencing phase of the trial, the jury sentenced him to thirteen years' imprisonment, a term less than the maximum sentence. Appellant claims that this sentence is a "good indication" that if he had testified during the guilt phase of the trial, the outcome would have been different. Finding that appellant was not denied effective assistance of counsel, the trial court correctly noted that appellant's regret for not testifying is not grounds to grant a Rule 37.1



petition. Appellant seems to contend on appeal that counsel's advice was unreasonable and that his testimony was necessary based on his claim that his counsel did not call any witnesses to testify in his defense. We find no merit to appellant's argument that the trial court erred in denying relief on this claim.

The accused has the right to choose whether to testify on his own behalf. Counsel may only advise the accused in making the decision. The decision to testify is purely one of strategy. *Hickey v. State*, 2013 Ark. 237, ___ S.W.3d ___ (per curiam); *Chenowith v. State*, 341 Ark. 722, 734, 19 S.W.3d 612, 618 (2000) (per curiam); *Wainwright v. State*, 307 Ark. 569, 580, 823 S.W.2d 449, 454–55 (1992) (per curiam) ("[T]he decision to advise a defendant not to take the stand, even if it proves improvident, is a tactical decision within the realm of counsel's professional judgment, and matters of trial tactics and strategy are not grounds for post-conviction relief."); *Scott v. State*, 303 Ark. 197, 201, 795 S.W.2d 353, 355 (1990) ("We might agree with Scott's argument that he had a right to testify in his own defense, but he has shown nothing to indicate the decision was other than a tactical one."); *Isom v. State*, 284 Ark. 426, 430, 682 S.W.2d 755, 758 (1985) (per curiam) ("[T]he decision to advise a client not to take the stand is a tactical one within the realm of counsel's professional judgment, and matters of trial tactics and strategy are not grounds for postconviction relief. Neither mere error on the part of counsel nor bad advice is tantamount to a denial of a fair trial."); *McDaniel v. State*, 282 Ark. 170, 174, 666 S.W.2d 400, 403 (1984) (per curiam) ("Even if petitioner would have been better off not taking the stand, mere mistakes on counsel's part do not establish denial of a fair trial.").

Appellant fails to meet his burden of proof as to the first prong of the *Strickland* test. He

SLIP OPINION

does not show that counsel's decision to advise him not to testify was other than a tactical decision within the realm of counsel's professional judgment. While he claims that counsel's advice was unreasonable and that his testimony was necessary, he does not provide any factual support for his claim that he was denied a fair trial as a result of counsel's advice. Accordingly, appellant is not entitled to relief on this point, and we affirm the trial court on this issue.

In his second point on appeal, appellant argues that he was denied effective assistance based on his counsel's failure to challenge on direct appeal the trial court's denial of his motion for continuance. Prior to trial, the State moved in limine to prevent the defense from calling twelve witnesses who were expected to testify as to the bias of Ms. Lemaster, the victim's mother and appellant's former wife. The defense anticipated that the witnesses would all testify that because of a heated divorce between Ms. Lemaster and appellant, Ms. Lemaster had encouraged her daughter to make false allegations against appellant. The trial court granted the State's motion, and the witnesses were not allowed to testify. When appellant's counsel attempted to proffer the witnesses, the trial court refused to allow the proffer. *Lemaster*, 2011 Ark. App. 128. Counsel then stated that he would not announce that he was ready for trial, and he moved for a continuance. The trial court denied the motion. The sole issue on direct appeal was whether the trial court erred in refusing to allow the proffer of the witnesses. The court of appeals held that the trial court should have allowed counsel to proffer the testimony, but it affirmed the conviction because the argument was moot. *Id.* Before a witness may be impeached by extrinsic evidence, that witness must first deny the bias. *Williams v. State*, 338 Ark. 178, 992 S.W.2d 89 (1999). When Ms. Lemaster did not testify at trial, there was no testimony denying bias such that

6



the basis for introducing the excluded evidence disappeared. *Lemaster*, 2011 Ark. App. 128. Appellant now contends that counsel's failure to raise the denial of the motion for continuance as a point on direct appeal constitutes ineffective assistance. This argument is without merit.

A convicted defendant has the right to effective assistance of counsel on appeal in accordance with the Sixth Amendment. *Walton v. State*, 2013 Ark. 254 (per curiam); *Howard v. State*, 291 Ark. 633, 727 S.W.2d 830 (1987) (citing *Evitts v. Lucey*, 469 U.S. 387 (1985)); *Dumond v. State*, 294 Ark. 379, 743 S.W.2d 779 (1988) (per curiam). The petitioner claiming that appellate counsel was ineffective bears the burden of making a clear showing that counsel failed to raise some meritorious issue on appeal. *Walton*, 2013 Ark. 254; *Moore v. State*, 2011 Ark. 269 (per curiam); *Howard*, 291 Ark. 633, 727 S.W.2d 830. Counsel's failure to raise a specific issue must have amounted to error of such magnitude that it rendered appellate counsel's performance constitutionally deficient under the *Strickland* criteria. *Walton*, 2013 Ark. 254.

Appellant contends that there was a reasonable probability that the court of appeals would have reversed the trial court's denial of the motion for continuance because his defense was destroyed when the witnesses were not allowed to testify, and a continuance was necessary to prepare an alternate defense. Appellant fails to demonstrate, however, that if this issue had been raised on appeal, appellate relief would have been granted. The standard of review for alleged error resulting from the denial of a continuance is abuse of discretion. *Koster v. State*, 374 Ark. 74, 286 S.W.3d 152 (2009). Absent a showing of prejudice by the defendant, an appellate court will not reverse the decision of the circuit court. *Id.* Counsel did not argue at trial that a continuance was necessary to prepare an alternate defense. Moreover, appellant was aware of

SLIP OPINION

the charge against him and was responsible for preparing his defense against those charges, including subpoenaing any witnesses that he believed would offer testimony pertinent to those charges. *See Koster*, 374 Ark. 74, 286 S.W.3d 152. Thus, counsel's decision not to raise the denial of the motion for continuance as an issue on direct appeal does not constitute an error of such magnitude that his performance is constitutionally deficient under the *Strickland* test.

Appellant also contends that he was denied effective assistance of counsel because his counsel did not subpoena or call Becky Lemaster as a witness. He claims that if Ms. Lemaster had testified as a defense witness, the twelve witnesses, whose testimony the trial court excluded, could have been used as rebuttal witnesses in circumvention of the court's exclusion of them. He also asserts that the charges against him stemmed from incidents related to their divorce, and that if Ms. Lemaster had been called as a witness, the jury could have heard the reason why the charges were brought against him. At the time of the investigation into the rape allegations, appellant and Ms. Lemaster were involved in a heated divorce. *Lemaster*, 2011 Ark. App. 128. Denying appellant's petition, the trial court found that Ms. Lemaster was available as a witness and that the decision not to call her was a matter of trial strategy. We find no merit to appellant's argument that he is entitled to relief on the allegation.

The decision of whether to call a particular witness is a matter of trial strategy that is outside the purview of Rule 37.1. *Hickey*, 2013 Ark. 237, ___ S.W.3d ___. Trial counsel must use his or her best judgment to determine which witnesses will be beneficial to the client. *Id.* When assessing counsel's decision not to call a particular witness, we must take into account that the decision is largely a matter of professional judgment, and the fact that there was a witness

or witnesses who could have offered beneficial testimony is not, in itself, proof of counsel's ineffectiveness. *Id.* Counsel's decision not to call Ms. Lemaster, who had gone through a heated divorce with appellant, was within the realm of counsel's professional judgment; thus, counsel's decision is not subject to review pursuant to Rule 37.1.

Finally, appellant contends that counsel's decision not to introduce a recording into evidence for the purpose of impeaching the victim constituted ineffective assistance. In his petition, appellant argued that he informed his counsel that he had a recording of a telephone call to him from the victim and her mother, Ms. Lemaster, in which they were "laughing and joking about the charges and allegations" against him, and that his counsel listened to the recording but refused to introduce it.[1] The trial court found that appellant was not entitled to relief on the allegation on the basis that appellant failed to identify specific evidence that would have changed the outcome of the trial. The trial court also noted that introduction of evidence is a matter of trial strategy. We reverse the trial court on this point and remand for an evidentiary hearing limited to this one issue.

Where the trial court has found a decision by counsel to be a matter of trial tactics or strategy and that decision is supported by reasonable professional judgment, counsel's decision is not a basis for relief under Rule 37.1. *Kelley v. State*, 2011 Ark. 175 (per curiam). However, as the petition was denied without a hearing, there is no proof of the content of the recording or testimony of counsel so that we cannot determine whether the decision not to introduce the

---

[1]On appeal, appellant adds the allegation that, in the recording, the victim and her mother referred to "trumped up" charges and called appellant names. An appellant may not add information on appeal to bolster an argument raised below. *Cowan v. State*, 2011 Ark. 537 (per curiam).

9

recording was supported by reasonable professional judgment. Moreover, we cannot say with certainty that the recording would not have had an impact on the outcome of appellant's trial, as this case turned on the credibility of the victim. It is not apparent from the face of the petition or the record before us that appellant is not entitled to relief on this allegation; thus, we cannot affirm on this point. This single issue requires reversal for further consideration on remand. If an adverse ruling is entered after a hearing, appellant, if he desires to challenge it, will be obligated to perfect a new appeal.

Affirmed in part; reversed and remanded in part.

*Roger Lemaster*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.