SLIP OPINION

# SUPREME COURT OF ARKANSAS

No. CV-14-460

| | | |
|---|---|---|
| BILLY R. SCOTT | | **Opinion Delivered** December 18, 2014 |
| | APPELLANT | PRO SE APPEAL FROM THE LEE COUNTY CIRCUIT COURT [NO. 39CV-14-33] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE RICHARD L. PROCTOR, JUDGE |
| | APPELLEE | AFFIRMED. |

**PER CURIAM**

In 1989, appellant Billy R. Scott was found guilty by a jury of murder in the first degree and was sentenced as a habitual offender to 200 years' imprisonment. After trial, appellant raised claims for postconviction relief that were also denied. The appeal from the judgment of conviction and the appeal from the order denying postconviction relief were consolidated, and we affirmed both the judgment and the order. *Scott v. State*, 303 Ark. 197, 795 S.W.2d 353 (1990).

In 2000, appellant filed in the circuit court in the county where he was incarcerated a pro se petition for writ of habeas corpus in which he alleged that the sentence imposed on him was illegal. He based his claim on the assertion that the 200-year sentence exceeded the statutory maximum sentence for first-degree murder. He argued that the sentencing statute, Arkansas Code Annotated section 5-4-501 (1987), which provided that, as a habitual offender with more than four prior felony convictions, he was subject to an extended term of imprisonment for murder in the first degree of "not less than forty (40) years nor more than life," did not encompass a 200-year sentence in that such a lengthy term would be longer than

his life. Appellant reasoned that by electing to sentence him to a term of years rather life imprisonment, the jury did not intend for him to spend the rest of his life in prison. We rejected the claim, holding that there was no provision in the statute against sentencing a defendant to a number of years that exceeds normal life expectancy. *Scott v. State*, CV-00-437 (Ark. Oct. 12, 2000) (unpublished) (original docket no. 00-437).

On April 23, 2014, appellant, who is incarcerated at a unit of the Arkansas Department of Correction located in Lee County, filed a pro se petition for writ of habeas corpus in the Lee County Circuit Court.[1] In the petition, he raised the following claims: (1) the evidence adduced at trial did not prove that he was guilty; (2) he never intended to deliberately or purposely harm the victim, and thus he was not guilty of first-degree murder; (3) there was circumstantial evidence that was not properly presented at trial; (4) there were mitigating circumstances that were not developed at trial; (5) the 200-year sentence imposed was outside the range of legal sentences for first-degree murder; (6) the trial court erred in treating a note that appellant gave to his attorney at the close of trial as a request for postconviction relief; (7) he was denied his right to present certain issues to the trial court at trial and in a petition for postconviction relief.

The circuit court denied the habeas petition, and appellant brings this appeal.[2] We find no error and affirm the circuit court's order.

[1]As of the date of this opinion, appellant remains incarcerated in Lee County.

[2]To the extent that appellant raises any new allegations on appeal that were not raised below, we decline to address those allegations as they are not preserved for appellate review. *See Breeden v. State*, 2014 Ark. 159, 432 S.W.3d 618 (per curiam).

SLIP OPINION

A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a trial court lacked jurisdiction over the cause. *Tucker v. Hobbs*, 2014 Ark. 449 (per curiam); *Davis v. Reed*, 316 Ark. 575, 873 S.W.2d 524 (1994). The burden is on the petitioner in a habeas-corpus petition to establish that the trial court lacked jurisdiction or that the judgment-and-commitment order was invalid on its face; otherwise, there is no basis for a finding that a writ of habeas corpus should issue. *Young v. Norris*, 365 Ark. 219, 226 S.W.3d 797 (2006) (per curiam). The petitioner must plead either the facial invalidity or the lack of jurisdiction and make a "showing by affidavit or other evidence [of] probable cause to believe" that he is illegally detained. *Id*. at 221, 226 S.W.3d at 798.

As stated, appellant raised the claim that his sentence was excessive in an earlier habeas proceeding, and this court held that it was within statutory range. Appellant's claim has thus been addressed, and he offered nothing in his 2014 petition to demonstrate that the issue should be revisited. *See Cooper v. State*, 2014 Ark. 243 (per curiam) (citing *Strong v. Hobbs*, 2013 Ark. 376 (per curiam)).

With respect to the remaining allegations raised by appellant in this appeal that pertain to the evidence adduced at trial, the allegations were claims of trial error and insufficiency of the evidence that could have been, or were, raised at trial. The allegations do not call into question the trial court's jurisdiction or the facial validity of the judgment-and-commitment order entered in appellant's case. *Holliday v. Hobbs*, 2014 Ark. 408 (per curiam) (The admissibility of evidence and the sufficiency of evidence are not issues cognizable in a habeas proceeding.). Assertions of mere trial error are not grounds for the writ. *Hill v. State*, 2013

Ark. 413 (per curiam); *Craig v. Hobbs*, 2012 Ark. 218 (per curiam).

Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Chance v. Hobbs*, 2014 Ark. 400 (per curiam). Appellant offered nothing to demonstrate that the trial court in his case did not have subject–matter jurisdiction to hear and determine cases involving violations of criminal statutes. *Id*. We will treat allegations of void or illegal sentences similarly to the way we treat problems of subject-matter jurisdiction. *Friend v. State*, 364 Ark. 315, 219 S.W.3d 123 (2005) (per curiam) (citing *Taylor v. State*, 354 Ark. 450, 125 S.W.3d 174 (2003)). However, a habeas-corpus proceeding does not afford a prisoner an opportunity to retry his case. *Hill v. State*, 2014 Ark. 420 (per curiam).

Likewise, appellant's contention that he was not afforded an opportunity to present claims for postconviction relief is not an assertion within the scope of a habeas proceeding.[3] The claim does not implicate the facial validity of the judgment or the jurisdiction of the court.

When a petitioner in a habeas proceeding fails to raise a claim within the purview of a habeas action, the petitioner fails to meet his burden of demonstrating a basis for a writ of habeas corpus to issue. *Benton v. State*, 2013 Ark. 385 (per curiam). Appellant clearly did not meet his burden; therefore, the circuit court did not err in denying the petition. *See Quezada*

---

[3]Appellant raised claims for postconviction relief in the trial court in 1989. After a hearing, the request for relief was denied. The claims were considered by this court as part of the direct appeal and the court's denial of the request was affirmed. *Scott*, 303 Ark. 197, 795 S.W.2d 353. Appellant subsequently tendered to this court a petition for postconviction relief pursuant to Rule 37.1 and filed a motion for leave to file it. The motion was denied on the ground that appellant was not entitled under the Rule to proceeded with a second petition for postconviction relief. *Scott v. State*, CR-90-6 (Ark. Jan. 16, 1996) (unpublished per curiam).

*v. Hobbs*, 2014 Ark. 396, 441 S.W.3d 910 (per curiam).

Affirmed.

*Billy R. Scott*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Rebecca B. Kane*, Ass't Att'y Gen., for appellee.